# UNITED STATES DISTRICT COURT

## District of Nevada

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| v. | |
| LEONARD TREMILLO, JR. | Case Number:  2:17-cr-00321-RFB-GWF-3 |
| | USM Number: *91964-380 |

**Date of Original Judgment:**  11/29/2018
*(Or Date of Last Amended Judgment)*

THOMAS ERICSSON, CJA
Defendant's Attorney

### Reason for Amendment:

- ☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
- ☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
- ☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
- ☑ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

- ☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
- ☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
- ☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
- ☐ Direct Motion to District Court Pursuant   ☐ 28 U.S.C. § 2255 or
    ☐ 18 U.S.C. § 3559(c)(7)
- ☐ Modification of Restitution Order (18 U.S.C. § 3664)

### THE DEFENDANT:

- ☑ pleaded guilty to count(s)   One, Two, Four and Five of the Indictment, filed 10/04/2017.
- ☐ pleaded nolo contendere to count(s)  _____
    which was accepted by the court.
- ☐ was found guilty on count(s)  _____
    after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1951 | Conspiracy to Interfere with Commerce by Robbery | 7/13/2017 | 1 |
| 18 U.S.C.§§ 1951 and 2 | Interference with Commerce by Robbery; Aiding and Abetting | 7/13/2017 | 2, 4 |
| * 18 U.S.C. §§ 924(c)(1)(A)(i) and 2 | * Brandishing a Firearm During and In Relation to a Crime of Violence ; Aiding and Abetting | 7/13/2017 | 5 |

The defendant is sentenced as provided in pages 2 through ___7___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

- ☐ The defendant has been found not guilty on count(s)  _____
- ☑ Count(s)  All Remaining _____   ☐ is  ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

11/29/2018
Date of Imposition of Judgment

Signature of Judge

RICHARD F. BOULWARE, II                    U.S. District Judge
Name and Title of Judge

1/24/2019
Date

DEFENDANT:   LEONARD TREMILLO, JR.
CASE NUMBER:   2:17-cr-00321-RFB-GWF-3

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of :

Total term of incarceration of 108 months: Twenty-four (24) months incarceration as to Counts One, Two and Four; to run concurrent to one another; Eighty-seven (87) months as to Count Five, to run consecutive to Counts One, Two and Four.

☑    The court makes the following recommendations to the Bureau of Prisons:

The Court makes the recommendation to the Bureau of Prisons that defendant be permitted to serve his term of incarceration in a facility in Tucson, Arizona or Beaumont, Texas. Further, that defendant be permitted to participate in the RDAP program.

☑    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

    ☐    at  _____  ☐  a.m.   ☐  p.m.    on  _____ .

    ☐    as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐    before 2 p.m. on  _____ .

    ☐    as notified by the United States Marshal.

    ☐    as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on  _____  to  _____

at  _____  with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By  _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT:   LEONARD TREMILLO, JR.
CASE NUMBER:   2:17-cr-00321-RFB-GWF-3

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:   Three (3) years as to Counts One,

Two, and Four to run concurrent to one another; Five (5) years as to Count Five to run concurren to Counts One.
Two  and Four.

## MANDATORY CONDITIONS

1.      You must not commit another federal, state or local crime.
2.      You must not unlawfully possess a controlled substance.
3.      You must refrain from any unlawful use of a controlled substance.  You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually.

☐      The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse.  *(check if applicable)*

4.   ☑      You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution.  *(check if applicable)*

5.   ☑      You must cooperate in the collection of DNA as directed by the probation officer.  *(check if applicable)*

6.   ☐      You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense.  *(check if applicable)*

7.   ☐      You must participate in an approved program for domestic violence.  *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT:    LEONARD TREMILLO, JR.
CASE NUMBER:    2:17-cr-00321-RFB-GWF-3

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision.  These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.    You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.    After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.    You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.    You must answer truthfully the questions asked by your probation officer.
5.    You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.    You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.    You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so.  If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.    You must not communicate or interact with someone you know is engaged in criminal activity. ~~If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer~~.
9.    If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10.    You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11.    You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12.    If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction.  The probation officer may contact the person and confirm that you have notified the person about the risk.
13.    You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____        Date _____

DEFENDANT:   LEONARD TREMILLO, JR.
CASE NUMBER:   2:17-cr-00321-RFB-GWF-3

# SPECIAL CONDITIONS OF SUPERVISION

1. **Substance Abuse Treatment** – You must participate in an inpatient substance abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). You must pay the costs of the program. If you complete the RDAP drug treatment successfully while you are in custody, the Court will remove the inpatient requirement from your supervision.

2. **Drug Testing** – You must submit to substance abuse testing to determine if you have used a prohibited substance. Testing shall not exceed 104 tests per year. You must pay the costs of the testing. You must not attempt to obstruct or tamper with the testing methods.

3. **Access to Financial Information** – You must provide the probation officer access to any requested financial information and authorize the release of any financial information. The probation office will share financial information with the U.S. Attorney's Office.

4. **Community Service /Employment/Education** – You must complete 3,600 hours of Community Service, be employed full time, or enrolled in an educational program for a combination of 35 hours per week - to be credited against total hours and to begin within three months after completion of Phase 1 of Drug Treatment Program and within 12 months of start of supervision to be completed within 60 months. You must provide your schedule one week in advance to the probation officer; failure to provide a schedule may result in a violation. The probation officer will supervise the participation in the community service program by approving the program (agency, frequency or participation, etc.). You must provide written notification of completed community service hours to the probation officer.  If you complete that training while in custody, and are certified to be employed upon your release from custody, the Court will remove 12 months of your home to your confinement condition. The completion of an advanced degree could result in a further removal of 12 months to your home confinement condition.

5. **No Contact** – You must not communicate, or otherwise interact, with any victim, witness, or co-conspirator, either directly or through someone else, without first obtaining the permission of the probation office.

6. **Search and Seizure** – You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

7. **Reside in Residential Re-Entry Center** - You must reside in a residential reentry center for a term up to 30 months. You must follow the rules and regulations of the center.

8. **Home Confinement with GPS Monitoring** - You will be monitored by the form of GPS location monitoring technology for a period of 30 months whether on home confinement or not, and you must follow the rules and regulations of the location monitoring program.  You must pay the costs of the program based upon your ability to pay. If you complete the RDAP program while in custody, the Court will remove 12 months off of your term of home confinement.

9. **Status Check** - You shall be required to appear before this Court for a status check within 30 days of release from BOP custody to review the conditions of supervision.

DEFENDANT:  LEONARD TREMILLO, JR.
CASE NUMBER:  2:17-cr-00321-RFB-GWF-3

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| **TOTALS** | $ 400.00 | $ 0.00 | $ 0.00 | $ 6,464.89 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☑ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| See Restitution list (attached) | | $6,464.89 | |
| | | | |
| | | | |
| | | | |
| | | | |

| **TOTALS** | $ 0.00 | $ 6,464.89 |
|---|---|---|

☑ Restitution amount ordered pursuant to plea agreement  $ 6,464.89

☑ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for  ☐ fine  ☐ restitution.

☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:  LEONARD TREMILLO, JR.
CASE NUMBER:  2:17-cr-00321-RFB-GWF-3

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A**  ☑  Lump sum payment of $  *6,864.89  due immediately, balance due

    ☐  not later than _____ , or
    ☑  in accordance with  ☐  C,  ☐  D,  ☐  E, or  ☑  F below; or

**B**  ☐  Payment to begin immediately (may be combined with  ☐  C,  ☐  D, or  ☐  F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of  $ _____ over a period of
_____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of  $ _____ over a period of
_____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☑  Special instructions regarding the payment of criminal monetary penalties:

    Any unpaid balance shall be paid at a monthly rate of not less than 10% of any income earned during incarceration
    and/or gross income while on supervision, subject to adjustment by the Court based upon ability to pay.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due
during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons'
Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount,
    and corresponding payee, if appropriate.

    Joint and Sever with Defendant and Co-Defendants Cortez Harris, case no. 2:17CR00321-1 and Janellcie Gibbons,
    case no. 2:17CR00321-2 in the amount of $6464.89 to Advance America, in the amount of $1,626.00 and Koster's
    Kash and in the amount of $4,838.89.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine
interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

**U.S. v. Leonard Tremillo, Jr.**
**2:17-cr-00321-RFB-GWF**
**<u>Restitution List</u>**



FILED
ENTERED
RECEIVED
SERVED ON
COUNSEL/PARTIES OF RECORD

NOV 2 9 2018

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

Advance America      $ 1,626.00
3675 S. Rainbow Blvd, Ste 100
Las Vegas, NV 89103

Koster's Cash and Loans      $ 4,838.89
2300 E Bonanza Road
Las Vegas, NV 89101

TOTAL:      $ 6,464.89

Joint & Several with co-defendants Cortez Harris and Janellcie Gibbons